

**U.S. Department of Justice**

Office of the Associate Attorney General

_Washington, D.C. 20530_

__VIA CM/ECF__                                              July 2, 2026

David J. Smith, Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, GA 30303

        Re: _United States v. Slaybaugh_,
        No. 25-14394 (3d Cir.)

Dear Mr. Smith:

      The Supreme Court's recent decision in _United States v. Chatrie_, No. 25-112, relied in part on _Carpenter v. United States_, 585 U.S. 296 (2018), to hold that law enforcement conducted a search when they gained access to a suspect's cell phone Location History data. _Chatrie_ addressed similar facts as _Carpenter_, with a few twists. Instead of addressing cell-site location information (CSLI), it addressed the more precise "Location History." 2026 WL 1855568, at *11. And instead of seven days of CSLI data, the Court addressed the government's access of two hours of Location History. _See id_. at *12. Still, _Chatrie_ found various "resemblances" between CSLI and Location History relative to personal privacy: namely, both provide "'near perfect surveillance' of an individual holding a cell phone." _Id._ at *11. "What creates th[e] concern" regarding "a too permeating police surveillance . . . is that the government can access all of a cell-phone user's movements, in both public and private." _Id._ at *13.

      Such circumstances are not present here. Indeed, _Chatrie_ emphasized that "the movements that Location History reveals are not limited to public streets," while reaffirming that "[a] person traveling in an automobile on public thoroughfares has no reasonable expectation of privacy . . . because the car is always in plain view." _Id._ at *14. And _Chatrie_ indicated that its reasoning and

conclusion would not apply to "public-movements-only technology" or technology that creates "a less comprehensive log than in *Carpenter*."  *Id.* at *14 n.10.

The ALPR cameras at issue here reach only certain public movements on public thoroughfares *and* create a far less detailed log.  *See United States v. Porter*, 170 F.4th 381, 386 (5th Cir. 2026).  Plus, they do not collect, or allow government access to, information that a driver "reasonably views as his own." *Chatrie*, 2026 WL 1855568, at *12.  While "[a] cell-phone user is not to be viewed as sharing private information . . . which then can be freely passed on to the government," *id.* at *16, a driver on public roads *is* viewed as sharing *public* information which can be freely accessed by the government.

Respectfully submitted,

 /s/ *Michael Weisbuch*　　　　　
MICHAEL WEISBUCH
Senior Counsel
Office of the Associate Attorney General
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530
michael.weisbuch@usdoj.gov

*Counsel for United States*

2